**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TERESA FULLER LAMAR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **5:25-CV-479 (CAR)** |
| | : | |
| **CITY OF JENKINSBURG; BUTTS** | : | |
| **COUNTY; and BRAD VAUGHN, in** | : | |
| **his individual capacity,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

Currently before the Court is *pro se* Plaintiff Teresa Fuller Lamar's Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. 2]. Having reviewed Plaintiff's financial Affidavit, she does not qualify for IFP status, and therefore her Motion to Proceed IFP [Doc. 2] is **DENIED**.

Plaintiff prematurely served her Complaint on Defendants. Thereafter, this Court prematurely issued its Rules 16/26 Order, and Defendants filed Motions for Judgment on the Pleadings and to Stay all Discovery in this case until the Court rules on the Motion for Judgment on the Pleadings. When a plaintiff moves to proceed IFP, the complaint is deemed filed but held pending until the Court makes a determination on the plaintiff's financial application. Because the Court finds Plaintiff does not qualify to proceed IFP,

this case cannot move forward until Plaintiff pays the filing fee. Thus, this Court's Rules 16/26 Order [Doc. 12] is hereby **VACATED**, and Defendants' Motions for Judgment on the Pleadings and to Stay Discovery [Docs. 13 and 15] are **DISMISSED without prejudice**.

**If Plaintiff wishes to proceed with this action, she must pay the full $405.00 filing fee within fourteen (14) days of the date of this Order, or this action will be DISMISSED without prejudice.** Upon such payment, Defendants may move to dismiss at that time.

**DISCUSSION**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n. 1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

affidavit, "absent serious misrepresentation."[3] Although a litigant need not show she is "absolutely destitute" to qualify under § 1915(a), she must show that "because of h[er] poverty, [s]he is unable to pay for the court fees and costs, and to support and provide necessities for h[er]self and h[er] dependents."[4]

Plaintiff's statements do not meet the requirements for poverty. In her financial affidavit, Plaintiff, who is married, reports that she received an average monthly income from her self-employment during the past 12 months of $5,000.00 and expects to receive $3,000.00 per month in the future; she receives $1,500.00 per month from her retirement, and her spouse receives $1,200.00 per month from retirement, which amounts to, at least, $5,700.00 of household monthly income. Plaintiff states she has two sons, ages 40 and 45, who rely on her for support.

The 2026 Federal Poverty Guideline for a four-person household is $2,750.00 per month.[5] Plaintiff's household income exceeds the poverty guideline. Although Plaintiff avers that her monthly expenses exceed her monthly income, Plaintiff's expenses include $350.00 per month for entertainment and recreation, $350.00 per month for credit card payment, and $1,000.00 for transportation costs that do not include her $758.00 per month

---

[3] *Id.*

[4] *Id.* (citation omitted).

[5] 2026 HHS Poverty Guidelines, https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf. (visited February 5, 2026).

car payment. Plaintiff owns a home valued at $407,000.00, and a 2015 Chevy Tahoe valued at $5,000.00. The Court finds Plaintiff generates a sufficient monthly income to pay the filing fee, which is $405.00.

Plaintiff does not qualify as a pauper under §1915, and her Motion for IFP is **DENIED**.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Proceed IFP [Doc. 2] is **DENIED.** This Court's Rules 16/26 Order [Doc. 12] is hereby **VACATED**, and Defendants' Motions for Judgment on the Pleadings and to Stay Discovery [Docs. 13 and 15] are **DISMISSED without prejudice**.

**If Plaintiff wishes to proceed with this action, she must pay the full $405.00 filing fee within fourteen (14) days of the date of this Order, or this action will be DISMISSED without prejudice.** Upon any such payment, Defendants may move to dismiss.

**SO ORDERED**, this 5th day of February, 2026.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT